UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

JESSIE H. HARRIS,

        Petitioner,

        v.                                Case No. 05-C-0532

WARDEN JEFFREY P. ENDICOTT,
PEGGY A. LAUTENSCHLAGER,

        Respondents.

_____

# ORDER

Petitioner Jessie H. Harris filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because the petition is successive and untimely, the court must dismiss this action.

## BACKGROUND

The petitioner pled guilty to eight counts of sexual assault in 1988, and the court imposed sentences totaling 75 years of imprisonment. The petitioner moved the court to withdraw his guilty pleas, but the motion was denied. On direct appeal, the petitioner argued that his guilty plea was not knowingly or voluntarily made, the trial court erred by not holding a hearing on the motion to withdraw the guilty pleas, and his trial counsel was ineffective for failing to seek the suppression of evidence and for telling him that he would serve no more than five years if he pled guilty. The Wisconsin Court of Appeals

affirmed the judgment, and the petitioner did not seek review from the Wisconsin Supreme Court.

The petitioner subsequently challenged his conviction six more times in state court under motions for relief from judgment pursuant to Wis. Stat. § 974.06. The first three collateral challenges to his judgment of conviction were denied, and the petitioner did not appeal to the highest state court having jurisdiction over the action. (*See* Habeas Petition at 5; Sept. 27, 2005 Affidavit of Robert N. Meyeroff, Exhibits 1, 2 and 3.) In his fourth challenge, the petitioner argued that the sentencing court failed to consider the sentencing guidelines and failed to state its reasons for deviating from them. On March 6, 1995, the Wisconsin Court of Appeals held that the petitioner's claim does not involve an error of constitutional or jurisdictional magnitude and cannot be raised in a 974.06 motion. (*See* Sept. 27, 2005 Affidavit of Robert N. Meyeroff, Exhibit 4.) The petitioner indicates that he appealed the decision to the Wisconsin Supreme Court, (Habeas Petition at 5), but he does not attach that decision to his petition. In 1998, the petitioner filed his fifth challenge. (*See* Sept. 27, 2005 Affidavit of Robert N. Meyeroff, Exhibit 5.) The Circuit Court of Milwaukee County denied the petitioner's motion on the basis that his claims had already been disposed of on prior appeal or that he was barred from raising issues that could have been raised in a prior motion or appeal. *See*

*State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994). The petitioner does not appear to have appealed the decision. On February 27, 2003, the petitioner filed his sixth § 974.06 postconviction motion. The petitioner argued that the police department destroyed four rape kits and that his trial and appellate counsel were ineffective for failing to seek preservation of the rape kits. (*See* Sept. 27, 2005 Affidavit of Robert N. Meyeroff, Exhibit 6.) One rape kit was destroyed in 1989, two more were destroyed in September 1994, and a fourth was destroyed in 1998. (*Id.*) The Wisconsin Court of Appeals held that *Escalona-Naranjo* barred consideration of the issues raised in his sixth § 974.06 postconviction motion. (*Id.*) On May 17, 2004, the Wisconsin Supreme Court denied a petition for review. (*See* Sept. 27, 2005 Affidavit of Robert N. Meyeroff, Exhibit 6A.)

In 1996, the petitioner also filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal court. (*See Harris v. McCaughtry*, Case No. 96-C-8 (E.D. Wis.)). The petitioner argued that the sentencing judge abused his discretion by failing to comply with Wisconsin statutes dealing with sentencing guidelines. (Habeas Petition at 10.) On January 11, 1996, the court dismissed the petition on the basis that "[w]hether the trial judge did or did not consider the guidelines or did or did not state his reasons for deviating from them on the record is a matter of state concern and not of constitutional

magnitude." (*See* Jan. 11, 1996 Opinion and Order at 3.)  The petitioner filed a notice of appeal on January 30, 1996.  The petitioner's appeal was dismissed on July 31, 1997.  The petitioner claims that he voluntarily dismissed his appeal.  (Habeas Petition at 10-11.)

The petitioner filed the present action on May 12, 2005.  The court ordered the petitioner to do the following: (1) submit his petition on a court-approved form; (2) file a brief explaining why his petition should not be dismissed as successive, untimely, and procedurally barred; (3) file all of the state court decisions that resolved his direct appeal and the six collateral challenges to his judgment of conviction; and (4) file a brief explaining why the petition is in compliance with Rule 2(e) of the Rules Governing Section 2254 Cases.  The petitioner states the following grounds for relief in the present petition: (1) destruction of the rape kits deprived the petitioner of due process; (2) his trial and appellate counsel were ineffective for failing to seek preservation of the rape kits; and (3) the petitioner was denied due process because the issues that he raised in state court were denied on procedural grounds.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of

habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *See id.* This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has exhausted available state remedies, avoided procedural default and statute of limitations bars, and set forth cognizable constitutional or federal law claims.

I.   Successive petition

The petitioner's present habeas petition is a second petition that must be dismissed because he has not obtained the requisite authorization from the Seventh Circuit Court of Appeals to file his second petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Nunez v. United States of America*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.") (emphasis in original).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended section 2244(b) and transferred to the court of appeals a screening function which would previously have been performed by the district court.

*Felker v. Turpin*, 518 U.S. 651, 664 (1996). This transfer is "an allocation of subject-matter jurisdiction to the court of appeals." *Nunez*, 96 F.3d at 991. As the Seventh Circuit Court of Appeals has explained, "[a] second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals." *Id.*

The petitioner has provided the court with no indication that he has obtained, much less sought, authorization from the Seventh Circuit Court of Appeals to file a second or successive petition for a writ of habeas corpus in the federal courts. Accordingly, the court must dismiss his petition for lack of jurisdiction.

II. Untimely

Even if this court had jurisdiction over the petition, the petition is untimely. AEDPA enacted a one-year limitation period for filing a petition for habeas corpus. 28 U.S.C. § 2244(d). The limitations period applies to all habeas petitions filed after April 23, 1997, one year following the effective date of the amendment. *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996) (en banc), *rev'd on other grounds*, 521 U.S. 320 (1997). Those whose convictions predated AEDPA were given a year after its enactment on April 24, 1996 – i.e. until April 23, 1997 – within which to file their habeas petitions. *See id.; see also Gendron v. United States*, 154 F.3d 672, 675 (7th Cir. 1998).

The petitioner's judgment of conviction became final well before AEDPA's enactment, and the petitioner did not file the present petition before April 23, 1997, within the one-year period of limitation. The petitioner argues that the limitation period should start from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Even if the period of limitation began running in 2001, the year that the petitioner claims that he learned that all four rape kits had been destroyed, (*see* June 13, 2005 brief at 8), the petitioner did not file an application for state post-conviction relief until 2003, more than one year after the petitioner claims to have discovered the factual predicate of his claim.

Neither is the petitioner entitled to equitable tolling. Equitable tolling excuses an untimely filing "when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to file his claim on time." *Taliani v. Chrans*, 189 F.3d 597, 597 (7th Cir. 1999). The doctrine is applied sparingly and only when "extraordinary circumstances" far beyond the prisoner's control prevented timely filing. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both

beyond his control and unavoidable even with diligence."). The petitioner has not alleged an extraordinary circumstance that would justify equitable tolling. As the court already noted, the petitioner conceded that he learned of the factual predicate of his claim at least as early as 2001 but did not file a § 974.06 motion until 2003, a time period exceeding the one-year period of limitations specified in AEDPA

Accordingly,

IT IS ORDERED that the petition be and the same is hereby DENIED;

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this   13th   day of October, 2005.

                                      BY THE COURT:

                                      s/ J. P. Stadtmueller
                                      J. P. Stadtmueller
                                      U.S. District Judge